IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AUTO-OWNERS INSURANCE
COMPANY,

    Plaintiff,

       v.

ALLSTATE VEHICLE AND
PROPERTY INS. CO.
A/S/O LAURA BENDER, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:17-CV-2559-TWT

## OPINION AND ORDER

This is a declaratory judgment action. It is before the Court on the

Plaintiff Auto-Owners Insurance Company's Motion for Summary Judgment

[Doc. 54], and the Defendant Earthly Matters Contracting, Inc.'s Motion for

Summary Judgment [Doc. 61]. For the reasons set forth below, the Plaintiff

Auto-Owners Insurance Company's Motion for Summary Judgment [Doc. 54] is

DENIED, and the Defendant Earthly Matters Contracting, Inc.'s Motion for

Summary Judgment [Doc. 61] is DENIED.

## I. Background

This insurance dispute arises out of a fire at Laura Bender's home located

in Brookhaven, Georgia. The Defendant Allstate Vehicle and Property Insurance

Company issued a homeowner's policy covering the residence.[1] Bender hired the Defendant Earthly Matters Contracting, Inc. to perform painting at her home, including staining her deck.[2] The invoice provided to Bender for the work performed at her home was generated on letterhead for Earthly Matters.[3] Javier Dominguez worked as a Project Manager for Earthly Matters.[4] Bender originally contacted Dominguez as a representative of Earthly Matters about the work.[5] Bender communicated with Dominguez at times by sending him emails to an email address in his own name on the Earthly Matters's domain.[6] Earthly Matters sent Bender an "Estimate" on letterhead with Earthly Matters's name.[7] The estimate lists Dominguez as the "Project Manager" for Earthly Matters.[8]

---

[1]     Pl.'s Statement of Material Facts ¶ 2.

[2]     *Id.* ¶ 3.

[3]     *Id.* ¶ 4. Javier Dominguez is also at times referred to as Javier Isidro Dominguez and Isidro Dominguez.

[4]     *Id.* ¶ 5.

[5]     *Id.* ¶ 7. Earthly Matters denies that Dominguez acted as its representative in his initial communications with Bender, and contends that Dominguez obtained a contract with Bender for Earthly Matters and Dominguez as Allstar Painting. *See* Def. Earthly Matters's Response to Pl.'s Statement of Material Facts ¶ 7. However, the evidence cited by Earthly Matters does not dispute the Plaintiff's assertion that Dominguez was acting as a representative of Earthly Matters.

[6]     Pl.'s Statement of Material Facts ¶ 8.

[7]     *Id.* ¶ 12.

[8]     *Id.* ¶ 13.

Dominguez also purchased supplies for the project using an Earthly Matters's account.[9]

Dominguez also performed painting jobs as Allstar Painting. The Plaintiff Auto-Owners Insurance Company issued a commercial general liability policy (the "Policy") to Allstar Painting, LLC with a term from October 4, 2014 to October 4, 2015.[10] Auto-Owners originally issued a General Liability Policy and a workers compensation policy to Dominguez personally in 2007.[11] Dominguez never told Bender anything about Allstar Painting.[12] Bender had no direct business relationship with Allstar Painting, and never knew of its existence before the fire.[13] She believed that Dominguez and the other workers at her house were employed by Earthly Matters.[14] Furthermore, Allstar Painting, LLC was never a valid legal entity.[15] Allstar Painting, LLC was never formed as a limited liability corporation pursuant to the requirements of Georgia law and was never registered with the Georgia Secretary of State.[16] In 2009, Dominguez

---

[9] *Id.* ¶ 14.

[10] *Id.* ¶ 1.

[11] Defs. Allstate and Bender's Statement of Additional Facts ¶ 1.

[12] Pl.'s Statement of Material Facts ¶ 16.

[13] *Id.* ¶ 17.

[14] *Id.* ¶ 18.

[15] *Id.* ¶ 20.

[16] *Id.* ¶¶ 20-21.

formed a company called Allstar Painting, Inc.[17] Allstar Painting, Inc. was administratively dissolved on September 18, 2010.[18] In April 2013, Auto-Owners amended the Policy to include "Allstar Painting LLC" as the insured, not "Allstar Painting, Inc."[19] Auto-Owners claims that Earthly Matters, on its own, worked on Bender's home, while the Defendants contend that Earthly Matters subcontracted the work to Allstar Painting. According to the Defendants, Dominguez, as a Project Manager for Earthly Matters, would provide estimates to prospective customers and assign these jobs to subcontractors.[20] The Defendants contend that Dominguez subcontracted the work at Bender's home to Allstar Painting once she accepted their quote.[21]

On June 23, 2015, a fire occurred at Bender's home.[22] On March 29, 2017, Allstate and Bender filed a lawsuit (the "Underlying Lawsuit") in the State Court of Forsyth County against Earthly Matters and Allstar Painting.[23] There, Allstate and Bender assert a claim for negligence against Allstar Painting, and

---

[17]  *Id.* ¶ 22.

[18]  *Id.* ¶ 23.

[19]  Defs. Allstate and Bender's Statement of Additional Facts ¶ 8.

[20]  Def. Earthly Matters's Br. in Opp'n to Pl.'s Mot. for Summ. J., at 12-15.

[21]  *Id.*

[22]  Pl.'s Statement of Material Facts ¶ 27.

[23]  *Id.* ¶ 28.

claims for breach of contract and negligence against Earthly Matters.[24] They contend that Allstar Painting was negligent in leaving unattended, flammable, and combustible materials near Bender's house in the summer.[25] They further contend that Earthly Matters breached its contract with Bender by failing to disclose that a subcontractor would be performing the work on behalf of Earthly Matters, and that it was negligent by failing to properly train, supervise, or oversee those painters.[26] On July 7, 2017, Auto-Owners filed this lawsuit, naming Allstate, Bender, Earthly Matters, and Allstar Painting as the Defendants. In this action, Auto-Owners seeks a judgment declaring that it has no duty to defend or indemnify the Defendants in the Underlying Lawsuit. On January 22, 2018, Allstar Painting stipulated that it did not contest any coverage issues raised by Auto-Owners in this declaratory judgment action, and agreed to withdraw its requests for defense and indemnity under the Policy in the Underlying Lawsuit.[27] Consequently, the Court ordered that Allstar Painting be bound by the judgments in this action and waived any further appearance by Allstar Painting.[28] Now, Auto-Owners and Earthly Matters both move for summary judgment.

---

[24]    Compl., Ex. A.

[25]    Pl.'s Statement of Material Facts ¶ 29.

[26]    *Id.* ¶ 30.

[27]    *See* [Doc. 37].

[28]    *See* [Doc. 39].

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[29] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[30] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[31] The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists.[32] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[33]

## III. Discussion

### A. Joint Venture

First, Auto-Owners argues that the Policy does not provide coverage because Earthly Matters and Allstar Painting were engaged in a joint venture

---

[29]     FED. R. CIV. P. 56(a).

[30]     *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).

[31]     *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

[32]     *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

[33]     *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

that is excluded from coverage under terms of the policy.[34] Under Georgia law, "[i]nsurance is a matter of contract law and contract rules and interpretations will apply."[35] "Construction of the contract, at the outset, is a question of law for the court."[36] "Under Georgia law, an insurance company is free to fix the terms of its policies as it sees fit, so long as they are not contrary to the law, and it may insure against certain risks while excluding others."[37] The Defendants, who seek coverage under the Policy, bear the burden of proof on this issue. "The party claiming insurance coverage exists 'ha[s] the burden of proving [this] under the terms of the policy.'"[38] An insurer's duty to defend is generally determined by the terms of the insurance contract at issue.[39] Therefore, whether Auto-Owners owes a duty to defend Earthly Matters and Allstar Painting in the Underlying Lawsuit depends upon the terms of the Policy. Section II of the Policy is titled

---

[34]     Pl.'s Mot. for Summ. J., at 13-14.

[35]     *Life Ins. Co. of Va. v. Conley*, 181 Ga. App. 152 (1986).

[36]     *Am. Empire Surplus Lines Ins. Co. v. Hathaway Dev. Co.*, 288 Ga. 749, 750 (2011).

[37]     *Sorema N. Am. Reinsurance Co. v. Johnson*, 258 Ga. App. 304, 306 (2002) (quoting *Payne v. Twiggs Cty. Sch. Dist.*, 269 Ga. 361, 363 (1998)).

[38]     *Emp'rs Mut. Cas. Co. v. Shivam Trading, Inc.*, No. 5:16-CV-58, 2017 WL 2126911, at *2 (S.D. Ga. May 16, 2017) (quoting *Chix v. Ga. Farm Bureau Ins. Co.*, 150 Ga. App. 453, 454 (1979)).

[39]     *O'Dell v. St. Paul Fire & Marine Ins. Co.*, 223 Ga. App. 578, 579 (1996).

"WHO IS AN INSURED."[40] It provides, among other things, that "[n]o person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations."[41] According to Auto-Owners, even if Allstar Painting had been properly formed as a legal entity, neither it nor Earthly Matters would be covered by the Policy because they were engaged in a joint venture while performing work for Bender.

However, Auto-Owners fails to show as a matter of law that Earthly Matters and Allstar Painting entered into a joint venture. Under Georgia law, "[a] joint venture 'arises where two or more parties combine their property or labor, or both, in a joint undertaking for profit, with rights of mutual control.'"[42] "There must be not only a joint interest in the objects and purposes of the undertaking, but also a right, express or implied of each member of the joint venture to direct and control the conduct of the other."[43] Here, the circumstances of the parties' arrangement "fail to establish a joint venture because the crucial element of mutual control is missing."[44] Nothing in the record indicates that

---

[40]    Varnado Aff., Ex. A, at 30 [Doc. 54-3].

[41]    *Id.* at 31.

[42]    *Rossi v. Oxley*, 269 Ga. 82 (1998) (quoting *Kissun v. Humana*, 267 Ga. 419, 420 (1997)).

[43]    *Sec. Dev. & Inv. Co. v. G.P. Williamson*, 112 Ga. App. 524, 525 (1965).

[44]    *Rossi*, 269 Ga. at 82-83.

Allstar Painting controlled the conduct of Earthly Matters, nor does it show that Earthly Matters controlled the conduct of Allstar Painting. Instead, the record indicates that, at most, Allstar Painting and Earthly Matters were in a general contractor-subcontractor relationship, and not a joint venture. The parties signed a written agreement listing Allstar Painting as a subcontractor.[45] Furthermore, evidence produced by the Defendants shows that Earthly Matters's normal business practices included generating a quote, and then sending the work to a subcontractor such as Allstar Painting. There is no indication that either party had the right to control the conduct of the other. Therefore, the Court finds this argument unpersuasive.

### B. Earthly Matters's Own Work

Next, Auto-Owners argues that the Policy does not provide coverage because Earthly Matters was engaged solely in its own work, and not work involving Allstar Painting. However, the Court finds that a genuine dispute of material fact exists as to this question. Section II of the Policy defines "WHO IS AN INSURED."[46] It provides that "[i]f you are designated in the Declarations as," among other things, a "limited liability company, you are an insured."[47] Members and managers of a limited liability company are also insureds, "but

---

[45]     Def. Earthly Matters's Statement of Additional Facts ¶¶ 4-10.

[46]     Varnado Aff., Ex. A, at 30.

[47]     *Id.*

only with respect to the conduct of your business."[48] The declarations in the Policy name Allstar Painting, LLC as the Insured.[49] The Policy also provides that the Insured's employees are also covered for acts within the scope of their employment.[50] Furthermore, the Policy identifies Earthly Matters as an "Additional Insured."[51] It provides that Earthly Matters "is an Additional Insured, but only with respect to liability arising out of 'your work' for that insured by or for you."[52] "Your work" is defined as "[w]ork or operations performed by you or on your behalf."[53]

Auto-Owners argues that the Defendants have failed to satisfy their burden because they have not shown that Allstar Painting did the work on Bender's home, nor have they shown that Earthly Matters was working with or on behalf of Allstar Painting on Bender's house. Instead, according to Auto-Owners, the evidence only shows that Earthly Matters itself was working on Bender's home, which would not be covered by the Policy.[54] In support of this argument, Auto-Owners emphasizes that Bender initially contacted Earthly

---

[48]     *Id.*

[49]     *Id.* at 6.

[50]     *Id.* at 30.

[51]     *Id.* at 11.

[52]     *Id.*

[53]     *Id.* at 38.

[54]     Pl.'s Mot. for Summ. J., at 15.

Matters, that Dominguez communicated with Bender using an Earthly Matters's email address, that Dominguez acted as a "Project Manager" for Earthly Matters, that Bender received an estimate for the project on Earthly Matters's letterhead, that supplies for this project were purchased using an Earthly Matters's account, and that Bender never communicated with anyone besides Earthly Matters concerning this project.[55] Thus, according to Auto-Owners, there is no evidence that anyone but Earthly Matters, on its own, worked on Bender's home.

However, the Defendants have provided enough evidence to create a dispute of material fact as to this question. Earthly Matters points to multiple pieces of evidence showing that Allstar Painting, as a subcontractor for Earthly Matters, performed the painting work on Bender's home. First, Earthly Matters identifies an agreement (the "Subcontractor Agreement") between Allstar Painting and Earthly Matters, which named Allstar Painting as the "Subcontractor" and Earthly Matters as the "Contractor."[56] Second, Earthly Matters has also provided the affidavit of William Kemp, one of the three founders of Earthly

---

[55]    *Id.* at 15-16.

[56]    Def. Earthly Matters's Statement of Additional Facts ¶¶ 4-10; [Doc. 60-2] at 28. Auto-Owners argues that the Subcontractor Agreement could not be presented in a form that would be admissible evidence, and also that it is not material. Pl.'s Response to Def. Earthly Matters's Statement of Additional Facts ¶¶ 4-10. However, the Court finds each of these arguments unpersuasive. First, the agreement is material to whether the work performed is covered by the Policy. Second, Auto-Owners fails to provide a basis for its argument that the agreement is inadmissible.

Matters. In this affidavit, Kemp describes Earthly Matters's relationship with Dominguez and Allstar Painting. Kemp explains that Earthly Matters regularly engaged Allstar Painting as a subcontractor.[57] Kemp also states that, in this particular incident, Bender contacted Dominguez, who then requested that Earthly Matters give Bender a quote for staining her deck.[58] Then, according to Kemp, once Bender accepted this quote, Dominguez decided that his own company, Allstar Painting, would be the subcontractor for this job to perform the actual staining.[59] Finally, Earthly Matters provides the deposition testimony of Javier Dominguez.[60] Dominguez gave this testimony in an Examination Under Oath conducted by Grange Insurance, Earthly Matters's insurer, as it investigated Bender's claim.[61] In this testimony, Dominguez described his role

---

[57] Def. Earthly Matters's Statement of Additional Facts ¶¶ 5-7.

[58] *Id.* ¶ 8.

[59] *Id.*

[60] Auto-Owners argues that this deposition testimony is inadmissible hearsay, and therefore should not be considered in support of the Defendants' arguments. Pl.'s Reply Br., at 5-6. Auto-Owners argues that it was not present at this deposition, and that Dominguez is not unavailable for a deposition in this case. Therefore, according to Auto-Owners, this deposition testimony is not subject to a hearsay exception and is inadmissible. However, even if this testimony is inadmissible, the other evidence identified by Earthly Matters is still sufficient to preclude a grant of summary judgment.

[61] This deposition can be found in Exhibit E to Earthly Matters's Response to Auto-Owners's Statement of Material Facts [Doc. 60-2], which begins on page 36 of that document. For clarity's sake, the Court will cite to the pagination within the deposition transcript from this point forward.

as a Project Manager.[62] Dominguez would provide estimates to customers of Earthly Matters, and then choose which painting company would act as a subcontractor for those projects.[63] Often, Dominguez would provide the job to his company, Allstar Painting.[64] Dominguez testified that, in this particular case, Bender contacted him as a representative of Earthly Matters. After providing Bender with an estimate, Dominguez assigned the job to Allstar Painting, which began the work on Bender's home.[65]

From this evidence, a reasonable factfinder could conclude that Earthly Matters subcontracted the work on Bender's deck to Allstar Painting after Bender accepted Earthly Matters's initial quote. Under the terms of the Policy, this would be considered Allstar Painting's work, and this property damage incident would consequently fall within the parameters of the Policy's coverage. Therefore, Auto-Owners is not entitled to summary judgment on this argument since a reasonable jury could conclude based upon this evidence that Earthly Matters was not solely performing its on work.

Auto-Owners also argues that Allstar Painting could not have performed any work at Bender's home because it never existed as a legal entity.[66] However,

---

[62]     Dominguez Dep. at 7-9.

[63]     *Id.* at 8-10.

[64]     *Id.* at 9-10.

[65]     *Id.* at 12-16.

[66]     Pl.'s Mot. for Summ. J., at 16.

the Court construes this argument as an attack on the validity of the Policy, and not whether Allstar Painting itself physically performed the work. Essentially, Auto-Owners argues that Allstar Painting cannot receive any insurance coverage under the Policy here because it never existed as a legal entity, despite Allstar Painting's representations otherwise. The Court addresses this question in the section below with regard to Auto-Owners's arguments concerning misrepresentations.

### C. Misrepresentation

Finally, Auto-Owners argues that the Policy does not provide coverage for the claims asserted because the Policy was obtained through fraudulent misrepresentations.[67] According to Auto-Owners, Allstar Painting represented that it was a limited liability company in the Declaration page of the Policy, even though it was never a properly formed legal entity.[68] Therefore, Auto-Owners argues that the Policy is void because it was obtained through material misrepresentations. The Court finds that an issue of material fact exists as to this question.

Misrepresentations, omissions, and other false statements can provide the grounds for rescission of an insurance contract. O.C.G.A. § 33-24-7(b) provides

---

[67] *Id.* at 17-20.

[68] *Id.* at 19. Auto-Owners also argues that Allstar Painting falsely represented that it was not involved in a joint venture during the application process. *Id.* However, as explained above, Auto-Owners has failed to show that Allstar Painting entered into a joint venture within the meaning of Georgia law.

that:

> Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:
>
> > (1) Fraudulent;
> >
> > (2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or
> >
> > (3) The insurer in good faith would either not have issued the policy or contract or would not have issued a policy or contract in as large an amount or at the premium rate as applied for or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.[69]

"The inquiry under O.G.C.A. § 33–24–7 is two-fold."[70] First, Auto-Owners must show that Allstar Painting made false representations, then it must show that those misrepresentations were material from the view of a prudent insurer.[71] "O.C.G.A. § 33–24–7(a) defines all statements and descriptions in applications for insurance policies as representations."[72] Under Georgia law, an insurer may seek a declaration that an insurance policy is void due to misrepresentations without specifically seeking rescission of the contract.[73]

---

[69] O.C.G.A. § 33-24-7(b).

[70] *Praetorian Ins. Co. v. APD Sols., LLC*, 259 F. Supp. 3d 1376, 1380 (N.D. Ga. 2016).

[71] *Id.*

[72] *Id.*

[73] *See Georgia Cas. & Sur. Co. v. Valley Wood Inc.*, 336 Ga. App. 795, 797-98 (2016) ("We also find no merit in Valley Wood's claim that Georgia

The Court finds that a dispute of fact exists as to this question. "The courts of Georgia have held that a material misrepresentation under subsection 33–24–7(b)(2) is one that would influence a prudent insurer in determining whether or not to accept the risk, or in fixing a different amount of premium in the event of such acceptance."[74] This is an objective standard.[75] And, "[a]n issue as to material misrepresentations . . . should ordinarily be submitted to the jury."[76] A reasonable factfinder could conclude, given the evidence presented, that Allstar Painting made representations in its insurance application, and that those representations were material in that they "changed the nature, extent, or character of the risk."[77] The Declaration page of the Policy identifies "Allstar Painting LLC" as the insured party.[78] It further identifies the insured

Casualty's failure to timely rescind the policy and return its insurance premiums precludes a directed verdict in Georgia Casualty's favor. In this case, Georgia Casualty sought 'a declaration that the insurance policy is void because Valley Wood made misrepresentations in its applications for insurance to Georgia Casualty.' If Georgia Casualty had rescinded the policy and returned the premium, it would no longer have had uncertainty with regard to future conduct and this would have destroyed its claim for declaratory relief.").

[74] *Am. Gen. Life Ins. Co. v. Schoenthal Family, LLC*, 555 F.3d 1331, 1340 (11th Cir. 2009) (internal quotations omitted).

[75] *Id.*

[76] *Gilham v. Nat'l Life & Accident Ins. Co.*, 104 Ga. App. 459, 462 (1961).

[77] *Id.*

[78] Def. Earthly Matters's Response to Pl.'s Statement of Material Facts ¶ 35; *see also* Varnado Aff., Ex. A, at 6 [Doc. 54-3].

"entity" as a limited liability corporation.[79] From this, a reasonable jury could conclude that Javier Dominguez represented to Auto-Owners during the application process that Allstar Painting was a properly formed limited liability company, which was false. Furthermore, a reasonable, prudent insurer could consider whether a corporate entity is properly formed and registered to be an important factor in determining the nature, extent, or character of risk involved with that entity. A prudent insurer could conclude that an improperly formed limited liability company presents a higher level of risk than a properly formed limited liability company. This presents a question for a jury.[80] Therefore, the Court concludes that summary judgment on this issue is inappropriate.

Allstate and Bender argue that the Policy should not be considered void due to these misrepresentations because Auto-Owners renewed Dominguez's insurance and workers compensation policies numerous times, and each time it conducted a comprehensive audit of Dominguez and Allstar Painting.[81] They also argue that Auto-Owners had a thorough understanding of Allstar Painting's business, and thus could not have been tricked into insuring it.[82] However, they

---

[79]    *Id.*

[80]    *Am. Gen. Life Ins. Co. v. Schoenthal Family, LLC*, 555 F.3d 1331, 1340 (11th Cir. 2009) ("The issue of materiality is ordinarily a question for the jury, unless the evidence excludes every reasonable inference except that it was material, in which case it becomes a question of law for the court.").

[81]    Defs. Bender and Allstate's Br. in Opp'n to Pl.'s Mot. for Summ. J., at 12.

[82]    *Id.* at 13.

do not explain why this fact should preclude a declaration that the Policy is void. Instead, it just shows that Dominguez and Allstar Painting falsely represented to Auto-Owners on multiple instances that Allstar Painting was a valid legal entity. Even if Auto-Owners audited Dominguez and Allstar Painting numerous times, this does not change the fact that a jury could conclude that Dominguez made a false representation, and that representation was material to accepting the risk. Therefore, the Court finds this argument unpersuasive.

Earthly Matters argues that Auto-Owners has not shown the essential elements of fraudulent misrepresentation, including knowledge of the statement's falsity, intent to deceive, and justifiable reliance.[83] However, section 33-24-7(b) does not require an insurer to prove that an alleged misrepresentation was fraudulent. That is just one basis for seeking rescission of an insurance contract.[84] Alternatively, an insurer can seek rescission if a misrepresentation, omission, or false statement was material to acceptance of the risk or to the hazard assumed by the insurer,[85] or if the insurer in good faith would not have issued the insurance policy.[86] As explained above, Auto-Owners has provided sufficient evidence that Allstar Painting made false statements in obtaining the

---

[83]    Def. Earthly Matters's Br. in Opp'n to Pl.'s Mot. for Summ. J., at 18-19.

[84]    O.C.G.A. § 33-24-7(b)(1).

[85]    *Id.* § 33-24-7(b)(2).

[86]    *Id.* § 33-24-7(b)(3).

Policy, and those statements were material to the acceptance of risk by Auto-Owners, to create a genuine issue of fact.

Earthly Matters also argues that there is no evidence that Dominguez or Allstar Painting made a representation as to Allstar Painting's status as a legal entity.[87] However, the Declaration page of the Policy lists "Allstar Painting LLC" as the insured, and identifies the "entity" as a limited liability corporation.[88] From this evidence, a reasonable jury could infer that Dominguez represented to Auto-Owners that Allstar Painting was a legally valid limited liability company.[89] The Court finds that this is sufficient evidence to create a dispute of fact.

Finally, Earthly Matters argues that, even if Allstar Painting made fraudulent misrepresentations in obtaining the Policy, this would still not defeat coverage *for Earthly Matters specifically*, which was also covered under the

---

[87]     Def. Earthly Matters's Br. in Opp'n to Pl.'s Mot. for Summ. J., at 19.

[88]     Varnado Aff., Ex. A, at 6.

[89]     Auto-Owners also provides Dominguez's original insurance application from October 2007. *See* Dominguez Aff., Ex. B. There, Dominguez stated, under a heading titled "APPLICANT INFORMATION," that he was the applicant, not Allstar Painting, and that he was an individual, not a corporation, limited liability company, or other type of entity. *Id.* at 10. However, in the renewal of the Policy dated August 18, 2014, Allstar Painting LLC is listed as the insured. *See* Varnado Aff., Ex. A, at 6. The Court assumes that at some point Dominguez renewed the Policy with Allstar Painting as the insured party. Nonetheless, a reasonable jury could still conclude, based upon this evidence, that Dominguez represented to Auto-Owners that Allstar Painting was a valid limited liability company when it put the Policy in Allstar Painting's name.

Policy.[90] According to Earthly Matters, its coverage under the Policy cannot be voided because there is no evidence that it ever made any false representations in obtaining the insurance coverage. Instead, only Allstar Painting made such false representations. Therefore, its coverage under the Policy cannot be voided. However, Earthly Matters provides no support for this proposition. The plain terms of the statute provide that misrepresentations, omissions, concealment of facts, and incorrect statements can prevent recovery under an insurance policy if those misrepresentations were material to the risk accepted. A reasonable factfinder could conclude that Auto-Owners would not have entered into the Policy *at all* if it had known that Allstar Painting was not a valid legal entity. The Policy likely would not have existed absent these representations. Nothing in the statute indicates that its effect is limited to the party who provided the misrepresentation. If a reasonable factfinder concludes that Dominguez made false representations, and that those representations were material, then the Policy is void and there cannot be recovery under its terms. Therefore, given this evidence, a reasonable factfinder could conclude that the insurance policy is void under § 33-24-7(b). Since a material issue of fact exists as to this issue, summary judgment is not appropriate.

## IV. Conclusion

For the reasons stated above, the Plaintiff Auto-Owners Insurance

---

[90] Def. Earthly Matters's Br. in Opp'n to Pl.'s Mot. for Summ. J., at 15-16.

Company's Motion for Summary Judgment [Doc. 54] is DENIED, and the Defendant Earthly Matters Contracting, Inc.'s Motion for Summary Judgment [Doc. 61] is DENIED.

SO ORDERED, this 13 day of September, 2018.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge